ERIK B. THUESON
213 Fifth Ave.
P. O. Box 280
Helena, MT 59624-0280
Telephone: (406) 449-8200
Facsimile: (406) 449-3355
ethueson@gmail.com
*Attorney for Plaintiff Francis E. English*

RECEIVED

APR 23 2018

HedgerFriend, PLLC

~~OF DISTRICT COURT~~

2018 APR 16 PM 12: 30

FILED

BY_____
DEPUTY

## MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| FRANCIS E. ENGLISH,<br><br>               Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br>CHRISTOPHER PARKER,<br>BNSF Terminal Manager,<br>CHRISTOPHER GROELING,<br>Terminal Trainmaster,<br><br>               Defendants. | Honorable **DDV - 18 - 0220**<br><br>Cause No.: **JOHN W. PARKER**<br><br>**COMPLAINT AND<br>JURY DEMAND** |

COMES NOW Plaintiff, Francis English, and hereby alleges as follows:

### JURISDICTION AND VENUE

1.　　At all relevant times, Plaintiff Francis English was and is a resident of Montana.

2.　　Plaintiff is informed and believes, and upon such information and belief, alleges that the defendant, BNSF Railway Company (hereinafter "BNSF" and/or "Defendant"), be it an association or a corporation, conducts business in Montana.

3.　　Mr. English's injuries in this matter arise out of business activities BNSF conducted in Montana.

4.　　This Court has jurisdiction over all causes of action asserted herein because Mr. English suffered damages in excess of the minimum amount, exclusive of court costs and attorney fees, required for jurisdiction.





EXHIBIT
A

5.      On information based upon the records discussed below, Defendant Christopher Parker and Defendant Christopher Groeling are or have been residing and having citizenship in the state of Montana, and therefore, diversity of citizenship does not exist.

6.      Venue is proper in this Court because a business incorporated outside of Montana can be sued in any county where conducting business which includes Cascade County.

## GENERAL ALLEGATIONS

7.      BNSF is a business that transports goods by rail through Montana and employs workers in Montana.

8.      BNSF employed Mr. English as a train conductor for approximately 11 years until BNSF terminated Mr. English's employment on September 14, 2016.

9.      On or about August 13, 2016, Mr. English was in Havre, Montana, with his only phone—his cell phone—nearby. Mr. English was "on duty" or "on call" with his employer, BNSF, meaning that Mr. English was available to report to work should BNSF call and order him to do so. Mr. English had already provided his cell phone number to BNSF so that BNSF could contact him when necessary. However, BNSF never called Mr. English that morning to request that he report to work, or such call never reached Mr. English's phone.

10.     BNSF represented to Mr. English that its automated phone system called him one or more times during the early morning hours of August 13 to request that he report to work. BNSF further alleged that Mr. English failed to answer these alleged phone calls. As a result, BNSF ordered an "investigation" hearing be held regarding these allegations.

11.     An "investigation" hearing was held on September 1, 2016. The hearing was conducted by Defendant Christopher Parker, BNSF Havre Terminal Manager. BNSF's chief

*Complaint and Jury Demand – Page 2*

witness against plaintiff was Defendant Christopher Groeling, BNSF's Havre, Montana Terminal Trainmaster.

12.     On September 14, 2016, Defendant Parker notified Mr. English BNSF was terminating his employment because he violated General Code of Operating Rule 1.16, which reads in its entirety: "Employees subject to call must indicate where they can be reached and must not be absent from their calling place without notifying those required to call them."

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS

## RAILROAD MISMANAGEMENT UNDER § 39-2-703, MCA

13.     For a First Cause of Action against BNSF, Mr. English hereby alleges:

14.     Mr. English hereby incorporates by this reference the allegations contained in paragraphs 1-12, inclusive, as though fully set forth herein.

15.     The defendants are jointly and severally accountable for plaintiff's improper termination of employment.

16.     Under § 39-2-703, MCA, "a person or corporation operating a railway or railroad in this state is liable for all damages sustained by any employee . . . in consequence of the negligence of any other employee; . . . or by the mismanagement of any employee and in consequence of the willful wrongs, whether of commission or omission, of any other employee of the person or corporation when the negligent mismanagement or wrongs are in any manner connected with the use and operation of a railway or railroad . . . . A contract that restricts the liability is not legal or binding."

17.     The acts and omissions of Defendant BNSF and its officials, as set forth in paragraphs 1-12, constitute mismanagement, negligent and willful wrongs under § 39-2-703,

*supra.* Defendant Parker failed to weigh and consider the evidence produced at the investigation showing that the plaintiff did not miss his call, but the error was elsewhere in BNSF's system. Defendant Parker did not hold a fair and reasonable hearing but held a negligent hearing and made a negligent decision. Defendant Groeling's participation in the firing, likewise, was negligent and his actions constituted negligent mismanagement. Defendant BNSF is directly responsible for all acts of mismanagement and misconduct which caused Mr. English to lose his career as a BNSF employee.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS

## INTENTIONAL OR NEGLIGENT INFLICTION OF

## SEVERE EMOTIONAL DISTRESS

18.     For a Second Cause of Action against BNSF, Mr. English hereby alleges:

19.     Mr. English hereby incorporates by this reference the allegations set forth above and further pleads.

20.     Through their acts and failure to act described above, each defendant has negligently or intentionally caused the plaintiff to suffer severe emotional distress.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT BNSF

## PUNITIVE DAMAGES

21.     The plaintiff restates and repleads all of the paragraphs and allegations set forth above and for his next cause of action hereby alleges and states against Defendant BNSF as follows:

22.     Under § 39-2-703, MCA, a railroad corporation, such as BNSF, is subject to damages for willful wrongs whether of commission or omission. Under § 27-1-220, MCA, *et. seq.* a railroad which commits willful wrongs which cause damage to another person is subject to an award of punitive damages for the purpose of deterrence and punishment.

23.     Defendant BNSF comitted intentional, willful and fraudulent acts and commissions causing damage to the plaintiff and therefore, a jury may award punitive damages in addition to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. English requests that this Court enter an order or judgment against BNSF as follows:

**Against all defendants:**

1.     Economic and non-economic damages, in an amount according to proof;

2.     Loss of earnings, past and future, and earning capacity, in an amount according to proof;

3.     Prejudgment interest;

4.     Attorney fees and costs as allowed by law; and

5.     For such other relief as may be allowed by law.

**Against Defendant BNSF:** Punitive and exemplary damages, according to proof.

Dated: Thursday, April 12, 2018

ERIK B. THUESON, Attorney for Plaintiff

*Complaint and Jury Demand – Page 5*

ERIK B. THUESON
213 Fifth Ave.
P. O. Box 280
Helena, MT 59624-0280
Telephone: (406) 449-8200
Facsimile: (406) 449-3355
ethueson@gmail.com
*Attorney for Plaintiff Francis E. English*

RECEIVED

APR 2 3 2018

HedgerFriend, PLLC

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| FRANCIS E. ENGLISH, | Honorable **DDV - 18- 0220** |
| Plaintiff, | **JOHN W. PARKER** |
| v. | Cause No.: |
| BNSF RAILWAY COMPANY, CHRISTOPHER PARKER, BNSF Terminal Manager, CHRISTOPHER GROELING, Terminal Trainmaster, | **SUMMONS** |
| Defendants. | |

**To:**   BNSF Railway Company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure.  Do not include the day you were served in your calculation of time.  The answer or motion must be served on the plaintiff or plaintiff's attorney, if plaintiff is represented by an attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.

You also must file your answer or motion with the court.

Date: ___4·16·18___          CLERK OF DISTRICT COURT



By: _____