Erik B. Thueson
P. O. Box 280
Helena, MT 59624-0280
Telephone: (406) 449-8200
ethueson@gmail.com

Scott Peterson
P. O. Box 557
Helena, MT 59624
Telephone: (406) 442-3261
speterson@mswdlaw.com
   *Attorneys for Plaintiff Francis E. English*

Michelle T. Friend/Ben Rechtfertig
2800 Central Ave., Ste. C
Billings, MT 59102
Telephone: (406) 896-4100
mfriend@hedgerlaw.com
brechtfertig@hedgerlaw.com

Dale Schowengerdt
900 N. Last Chance Gulch
Helena, MT 59601
Telephone: (406) 457-2040
dschowengerdt@crowleyfleck.com
   *Attorneys for Defendant BNSF Railway Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| FRANCIS E. ENGLISH,<br><br>                         Plaintiff,<br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>                        Defendant. | Case No. CV-18-77-GF-BMM<br><br>**FINAL PRETRIAL ORDER** |

# INTRODUCTION

This matter is before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**PLAINTIFF'S COUNSEL**:

Erik B. Thueson
P. O. Box 280
Helena, MT 59624-0280
Telephone: (406) 449-8200
ethueson@gmail.com

Scott Peterson
P. O. Box 557
Helena, MT 59624
Telephone: (406) 442-3261
speterson@mswdlaw.com

**DEFENDANT'S COUNSEL:**

Michelle T. Friend/Ben Rechtfertig
2800 Central Ave., Ste. C
Billings, MT 59102
Telephone: (406) 896-4100
mfriend@hedgerlaw.com
brechtfertig@hedgerlaw.com

# I. NATURE OF THE CASE

Plaintiff sues defendant, his former employer, for damages resulting from his termination from employment. He makes state law claims for mismanagement; infliction of mental distress; and for punitive damages.

Defendant disputes Plaintiff's claims.

# II. JURISDICTION

Not disputed.   Jurisdiction is proper based on diversity of the parties.

# III. JURY OR NON-JURY

Non-jury.

# IV. AGREED FACTS

1. Plaintiff Frank English was born on April 27, 19**.

2. Mr. English was employed at BNSF from July 4, 2005 to September 14, 2016.  He worked primarily as a locomotive conductor. He worked out of Havre, Montana.

3. Mr. English was a member of the SMART Transportation Division Union.

4. BNSF terminated Mr. English's employment on September 14, 2016.

5. On May 21, 2018, BNSF removed to federal court on the ground of complete diversity.

## V. ELEMENTS OF LIABILITY

**A. PLAINTIFF**

1. BNSF's conduct occurring on one or more of the five infractions constitute negligent or intentional mismanagement under § 39-2-703, MCA?

2. BNSF's overall conduct in terminating Mr. English constitutes negligent or intentional mismanagement under §703, *supra*.

3. BNSF caused, either negligently or intentionally, Mr. English to suffer severe mental distress.

4. BNSF's fraudulent or intentional misconduct merits the award of punitive damages under § 27-1-220, MCA, *et. seq.*

5. As a result of BNSF's violation of state law, Mr. English suffered compensatory damages, including emotional suffering, loss of earning capacity, loss of earnings, alteration of established course of life and other types of damages authorized under Montana law and shown by the evidence, including punitive damages.

6. There are several pretrial motions currently before the Court which may affect these elements.

**B.    DEFENDANT**

Defendant disputes Plaintiff's claims.  None of its actions constitute mismanagement as a matter of fact or law.  BNSF made reasonable employment-related decisions regarding Plaintiff.  These decisions were based on a reasonable interpretation of BNSF's policies and practices and were not arbitrary, capricious, unreasonable, or made in bad faith, but rather were reasonable and based on substantial evidence.  Plaintiff was dismissed for cause for a legitimate reason pursuant to his collective bargaining agreement.

Plaintiff's claims under § 39-2-703, MCA, are unconstitutional as applied in this case and violate the equal protection clause.  Plaintiff's claims are also preempted under federal law, in particular the Railway Labor Act, 45 U.S.C. § 151, et. seq., which deprives the Court of subject matter jurisdiction.  Additionally, the RLA requires deferral to the Public Law Board for interpretation of the controlling Collective Bargaining Agreement.  Thus, all or part of Plaintiff's claims are barred by arbitration and award.  Plaintiff's claims are also preempted under the Federal Railroad Safety Act, Railroad Safety Improvement Act, the Hours of Service Act, 49 U.S.C. §§ 21101, et. seq., or other federal law, statutes, or regulation.

Plaintiff originally filed suit asserting a claim only with respect to his now-dismissed fifth disciplinary event.  Plaintiff's claims are barred by the two-year statute-of-limitations.

Plaintiff's claims are also barred by the doctrines of waiver, laches, collateral estoppel, res judicata, and release.  Plaintiff appealed his last two infractions to the Public Law Board, which upheld his discipline, finding: "The Carrier has the right to expect employees in Claimant's circumstance to be available for call when needed, and an employee's unavailability for call negatively impacts the Carrier's operations. After careful deliberation, the Board finds that the dismissal assessed here was consistent with the Carrier's PEPA Policy and that it was within the Carrier's prerogative."  Plaintiff should be bound by that determination.  Additionally, Plaintiff agreed to waivers for the first three infractions, which was a compromise or settlement of the issue.  Further the ability and right to a waiver is governed and provided by a CBA, so it is also preempted by the RLA.

Plaintiff's contributory or comparative fault reduces or bars any recovery.  His claims are also barred by assumption of risk.  Plaintiff's damages must also be limited based on his failure to mitigate damages.  Plaintiff further has no right to reinstatement and cannot use his railroad earnings as a basis for damages as the Public Law Board upheld his dismissal.

Plaintiff fails to state a claim for Negligent or Intentional Infliction of Emotional Distress and cannot meet the standard for a stand-alone emotional distress claim. In addition, he had preexisting conditions related to these claims.

Plaintiff is not entitled to an award of punitive damages as it is preempted under federal law, and, moreover, imposition of such would violate the Railway Labor Act, Montana statutory law and BNSF's substantive due process rights under the Fourteenth Amendment to the U.S. Constitution and the Montana Constitution Art. II, § 16, 17, and 22. BNSF did not act with fraud, malice or reckless indifference and punitive damages are not appropriate under the facts of this action.

## VI. RELIEF SOUGHT

1. Loss of earnings and earning capacity: approximately $1.5 million
2. Emotional distress: $1million
3. Punitive damages: $20,000,000

Defendant requests that Plaintiff's claims be dismissed and that he be awarded nothing.

## VII. LEGAL ISSUES

The issues at trial will depend upon the issues resolved by pretrial motions. The Court has indicated rulings will have been made on these pretrial motions by approximately November 1, 2020.

All issues as set forth above and those that may arise during trial.

## VIII.  DISMISSALS

The plaintiff will dismiss his allegations regarding the fifth infraction on August 15, 2016. He may dismiss the first infraction, pertaining to the calculation of his alleged rolling period violation, which constituted his first infraction.

## IX.  DISCOVERY DOCUMENTS

A.  **PLAINTIFF**

1. See Exhibit Lists attached hereto.

2. Defendant's Answers to Interrogatory Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16 (plus Science of Sleep & Fatigue and TY&E Attendance Guidelines Training (July 2015).

3. Defendant's responses to Request for Admission Nos. 1, 2, 3, 4 and 5.

4. Defendant's Responses to Requests for Production Nos. 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34.

5. Defendant's Second Supplemental Rule 26 Initial Disclosure.

**B. DEFENDANT**

Defendant may submit Plaintiff's Responses to Interrogatories and Requests for Admission.

## X. ESTIMATED TIME OF TRIAL

**A. PLAINTIFF**

Not including opening statement or closing argument, plaintiff estimates he will be able to put on his evidence in two days or less. He intends to call 14 witnesses. All will be trainmen who work or have worked for BNSF. Their testimony will be based on their experience as trainmen. Plaintiff's Witness Lists are attached.

The plaintiff estimates it will take less than half a day to present evidence relevant to the Court's determination of punitive damages.

**B. DEFENDANT**

Defendant estimates it will take two days or less to present its case, particularly given that some testimony will be submitted via deposition. Because the parties are filing proposed findings of fact and conclusions of law, as well as post-evidentiary filings, Defendant does not believe extensive opening statements or closing arguments are necessary.

Defendant estimates it will call 9 witnesses live or via video conference, and others by deposition. Defendant's Witness Lists are attached.

A separate hearing must be held on the issue of punitive damages, only if there is a liability finding by the Court.

## XI.  SUPERSESSION

This Order supersedes the pleadings.

DATED this 5th day of November, 2020.

_____
Brian Morris, Chief District Judge
United States District Court

Approved as to form and content:


/s/ Erik B. Thueson_____          /s/ Michelle T. Friend_____
Attorney for Plaintiff Francis English          Attorney for Defendant BNSF